UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

FRANCIS P. CULLARI, ESQ.
1200 MILL ROAD, SUITE A
NORTHFIELD, NJ 08225
Phone (609)383-3511 Fax (609)383-3994
Attorney for Debtor

Order Filed on March 23, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Justin W. Derry

Case No.: 19-25038
Hearing Date: 3/23/2021
Chapter: 13
Judge: ABA

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:   ☒ Followed   ☐ Modified

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

**DATED: March 23, 2021**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____4 Berwick Lane, Sicklerville, New Jersey, 08081_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒    In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Gerard McManus of Keller Williams - Washington Twp. |
| Amount to be paid: | $ 19,110.00 split between both agents and both co operating brokers |
| Services rendered: | Representation of the Debtor to complete all terms of the contract. |

**OR**: ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $ 25,150.00 claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☒ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

   1. Debtor shall file an Amended Schedule J within 21 days of the Date of This Order;
   2. The Non-filing co-owner of the property may receive 50% of the sale proceeds at Closing;
   3. The sale proceeds in the amount of $25,150.00 referenced in paragraph # 5 of this order shall be paid to the Debtor at closing. Debtor's remaining portion of sale proceeds are non-exempt and shall be disbursed to the Chapter 13 Trustee as an additional base to unsecured creditors who filed timely claims.

*rev.8/1/15*